UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICIA A. KNIGHT,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-147

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 7),[1] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for SSI alleging disability as a result of a number of alleged impairments including, *inter alia*, chronic obstructive pulmonary disease, diabetes mellitus with peripheral neuropathy, carpal tunnel syndrome, depression, and an anxiety disorder. PageID 47.

After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on October 5, 2016. PageID 61-92. The ALJ issued a written decision on March 30, 2017 finding Plaintiff not disabled. PageID 45-54. Specifically, the ALJ found at Step Five that, based upon

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 43-50.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 49-54. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B. **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 45-54), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in (1) evaluating her treating-source opinions; (2) evaluating opinions of the state agency mental health reviewing physicians; (3) evaluating her credibility; and (4) adequately accounting for her obesity at each stage of the evaluation. Doc. 11 at PageID 967. Agreeing with Plaintiff's first and second assignments of error, the undersigned would direct the ALJ to consider her remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of

4

the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

**A. Treating Psychologist**

Here, the record contains the opinion of Plaintiff's treater Miriam Hoefflin, M.A., a licensed psychologist in the State of Ohio. PageID 716-19, 948. Ms. Hoefflin diagnosed Plaintiff with recurrent major depression, and noted her diabetes, asthma, and obesity. PageID 716. Ms.

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

Hoefflin opined that Plaintiff was "markedly"[4] limited in a number of functional abilities including the ability to maintain social functioning; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and work week; and the ability to interact appropriately, accept instructions, and respond appropriately to criticism from supervisors. PageID 718. Ultimately, Ms. Hoefflin concluded that Plaintiff would be absent more than three times a month due to her impairments. *Id.*

In assessing Ms. Hoefflin's opinion, the ALJ afforded it "limited weight." PageID 51. He discounted the opinion after concluding that an April 2015 mental status examination of the claimant "was actually rather benign" and that "the claimant's treatment records do not document psychological symptoms consistent with a finding of total disability." PageID 51. The ALJ neglected to mention, however, that as a licensed psychologist who had an "ongoing treatment relationship" with Plaintiff, Ms. Hoefflin is not only an "acceptable medical source," but, more importantly a "treating source." 20 C.F.R. §§ 416.902, 416.913; *Crum v. Sullivan*, 921 F.2d 642, 645 (6th Cir. 1990); *see Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 442 (6th Cir. 2010).

The ALJ's failure to explicitly acknowledge Ms. Hoefflin as a treating source, or specifically decline to give her opinion controlling weight, is error. As noted by this Court on numerous occasions, such a failure is grounds for reversal because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018),

---

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

*report and recommendation adopted,* No. 3:18-CV-8, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

Moreover, while the ALJ asserted that Ms. Hoefflin's opinion was inconsistent with treatment records, he cited to only one treatment record, which he interpreted -- without explanation -- as "benign." PageID 51. Yet, this examination note documents that Plaintiff's "persistence to engage in, other than simple tasks, of short duration… [is] impaired"; "she tires quickly and has low energy combined with her breathing problems"; "her mobility is limited because of her severe over weight and breathing problems as well as…foot problems"; she was "not able to do serial 7's or simple mental calculations"; "she teared up on several sessions"; "she verbalizes feeling hopeless and worthless"; "she would have difficulty in social interaction"; "she would not be able…to be on her feet or walk very much or stand for more than minimal periods of time"; and, finally, "she was administered the Beck Depression Inventory…which indicated a severe level of depression." PageID 426-27. In this regard, the ALJ's conclusion -- that Ms. Hoefflin's examination of Plaintiff was "benign" -- represents an impermissible substitution of the treating psychologist's opinion. *See Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) (holding an ALJ "may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence").

The ALJ's error is more glaring when considering that the only other treating opinion of record lends support to Ms. Hoefflin's opinion. Specifically, Jessica Marshall, D.O, Plaintiff's family physician, found that Plaintiff could stand for 15 minutes and sit for 60 minutes at one time, work only two hours per day, occasionally bend and stoop, and lift only five pounds. PageID 720. Dr. Marshall also concluded that Plaintiff had "significant problems with anxiety and/or depression which would markedly limit her ability to withstand the stresses and pressure of ordinary work." PageID 721.

Additional error lies in the ALJ's analysis of Dr. Marshall's opinion. The ALJ discounted this treating opinion as "inconsistent with other medical evidence of record" without so much as a single

7

citation to the record. PageID 50; *Mays v. Comm'r of Soc. Sec.*, No. 1:08-cv-871, 2010 WL 5152595, at *11 (6th Cir. Nov. 8, 2010) (holding that where the ALJ did not cite to the record, "[t]he ALJ failed to sufficiently articulate his assessment of the evidence to assure the Court that he considered the relevant record evidence and to enable the Court to trace the path of his reasoning"). The ALJ's failure to explain more, aside from this conclusory analysis, "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley v. Comm'r of Soc. Sec*, 581 F.3d 399, 407 (6th Cir. 2009); *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion ... gets the short end of the stick").

### B. State Agency's Reviewing Physicians

The ALJ's erroneous and blanket rejection of the opinions written by Plaintiff's treaters is highlighted by the blithe scrutiny he applied to the opinions of state agency's record reviewing physicians. PageID 49-50. Indeed, the entirety of the ALJ's analysis of the record-reviewing physicians who opined on Plaintiff's physical impairments consisted of one sentence summarily concluding that their opinions were afforded "great weight, as their recommendations are consistent with the medical record." PageID 49. Worse, the opinions of the record reviewing psychologists were granted "moderate weight" without any analysis at all. PageID 50. ALJs are prohibited from applying greater scrutiny to the opinions of treating physicians than non-treaters. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013).

Having failed to properly conduct a controlling weight analysis of the treating-source opinions, and applying a lesser scrutiny to the non-treating source opinions, the non-disability finding by the ALJ here at issue must be reversed.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date: 6/24/2019                                                      s/ Michael J. Newman
                                                                     Michael J. Newman
                                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).